**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In the Matter of: ) | Chapter 13 |
| ) | |
| Michelle T. Mooty, ) | Case No. **18 B 06092** |
| ) | Judge: David D. Cleary |
| ) | Date: April 20, 2020 |
| ) | Time: 9:30A.M. |
| **Debtor.** ) | |

## MOTION TO MODIFY THE CHAPTER 13 PLAN

**NOW COMES** the Debtor, Michelle T. Mooty, by and through her attorneys, **ZALUTSKY & PINSKI, LTD.**, who moves this Honorable Court pursuant to 11 U.S.C. §1329 for the entry of an Order modifying the Debtor's Chapter 13 plan post-confirmation to allow Debtor to keep her 2019 tax refund and to defer any existing default, and, in support thereof, states as follows:

1. On March 2, 2018, Debtor commenced the above-captioned case by filing a petition for the adjustment of debts of an individual with regular income under Chapter 13 of Title 11 of the United States Code.

2. On or about July 25, 2018, this Honorable Court confirmed the Debtor's plan for the readjustment of her debts after finding that the plan complied with the provisions of 11 U.S.C. § 1322 and 11 U.S.C. § 1325.

3. The terms of the confirmed require Debtor to turn over her tax refunds each year while her Chapter 13 is pending.

4. Although Debtor has been making payments throughout her Chapter 13; Debtor is unable to turn over her 2019 tax refund to the trustee.

5. For her 2019 tax refund, Debtor received a refund in the amount of **$6,253** after tax preparation and refund fees.  **(See Attached Exhibit A)**

6. Debtor has encountered multiple unanticipated expenses in the nature of car repairs

for her vehicle totaling nearly $3,800. **(See Attached Exhibit B)**

7. Additionally, Debtor's mortgage is no long going to escrow. Therefore, she has a $750 tax bill which she needs to pay. **(See Attached Exhibit C)**

8. Debtor needs to keep her tax refund for 2019 in order to pay these expenses along with the $1,200 she is permitted to keep pursuant to current policy or she will fall behind and be unable to make her Chapter 13 payment.

9. Pursuant to 11 U.S.C. § 1329(a), at any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan; (2) extend/reduce the time for such payments; or (3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan.

**WHEREFORE**, the Debtor prays that this Honorable Court enter an Order modifying the Debtor's plan to allow Debtor to keep her 2019 tax refund and waive any present default in her Chapter 13 plan payments to the standing Chapter 13 Trustee and grant such other relief as may be deemed necessary and just.

Respectfully Submitted,

**/s/ Thomas P. Twomey**
Thomas P. Twomey, 627-3191
Attorney for the Debtor

ZALUTSKY & PINSKI, LTD.
111 W. Washington
Suite 1550
Chicago, IL  60602
Telephone: (312) 782-9792